IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Jacqueline Elizabeth Ard and Terry Frank Nicola, | ) | Case No. 24-03611-jd |
| Debtors. | ) | |
| Jacqueline Elizabeth Ard, | ) | Adv. Pro. No. 25-80005-jd |
| Plaintiff, | ) | |
| v. | ) | **ANSWER** |
| Zeidman's Jewelry & Loan of Southfield, | ) | |
| Defendant. | ) | |

Zeidman's Jewelry & Loan of Michigan ("Zeidman's"), by and through its undersigned counsel, answering the Adversary Complaint ("Complaint") of the plaintiff Jacqueline Elizabeth Ard ("Ard"), states as follows:

**For a First Defense**
**(General Denial)**

1. Zeidman's incorporates by reference its Motion to Dismiss with Prejudice and Memorandum of Law in Support filed on even date herewith (the "Motion"), as fully as if repeated herein verbatim.

2. Each and every allegation of the Complaint not hereinafter admitted, qualified, or explained is hereby denied, and strict proof demanded thereof.

3. Zeidman's denies any and all allegations and/or conclusions of law contained in the Complaint inconsistent with applicable law.

4. No response is required to the allegations of paragraph 1. To the extent a response is

required, Zeidman's denies the same.

5. The allegations of paragraph 2 state conclusions of law to which no response is required. To the extent a response is required, Zeidman's denies the same and demands strict proof thereof.

6. The allegations of paragraph 3 state conclusions of law to which no response is required. To the extent a response is required, Zeidman's denies the same and demands strict proof thereof.

7. The allegations of paragraph 4 state conclusions of law to which no response is required. To the extent a response is required, Zeidman's denies the same and demands strict proof thereof.

8. The allegations set forth in the first sentence of paragraph 5 state conclusions of law to which no response is required. No response is required to the second sentence of paragraph 5.

9. Zeidman's admits so much of the first sentence of paragraph 6 as alleges that Case No. 24-03611-jd was dismissed by this Court by Order entered November 21, 2024 [Doc. 46], effective as of November 19, 2024. Zeidman's denies the remainder of the allegations set forth in the first sentence of paragraph 6. Further affirmatively responding to paragraph 6, Zeidman's states that on January 31, 2025, Ard filed a petition under Chapter 13 of the Bankruptcy Code in the Eastern District of Michigan, which was assigned Case No. 25-40952-mlo ("Michigan Chapter 13 Case"). As of the filing of this Answer, the Michigan Chapter 13 Case was still pending. No response is required to the second sentence of paragraph 6.

10. Zeidman's admits so much of paragraph 7 as alleges that Zeidman's: (a) is a corporation organized and existing pursuant to the laws of the State of Michigan; (b) operates 3 locations; (c) is licensed and registered; and (d) has a location in Detroit, Michigan. Further responding to

paragraph 7, Zeidman's states that there is no "Exhibit A" attached to the Complaint that was mailed to Zeidman's, and therefore it lacks sufficient information to form a belief as to the truth or falsity of said "Exhibit A," and therefore denies the allegations related thereto and demands strict proof thereof. Zeidman's denies the remainder of the allegations of paragraph 7 as alleged and demands strict proof thereof.

11. Zeidman's admits, upon information and belief, so much of paragraph 8 as alleges that Ard caused a bankruptcy petition to be filed with the Clerk of the South Carolina Bankruptcy Court on October 4, 2024, and as alleges that the clerk assigned the mater Case No. 24-03611-jd ("South Carolina Bankruptcy Case"). Zeidman's lacks sufficient information to form a belief as to the truth or falsity of the remainder of paragraph 8 and therefore denies the same. Further affirmatively responding to paragraph 8, Zeidman's is informed and believes that, notwithstanding the representations made by Ard in the October 4, 2024, paperwork regarding her residency, Ard did not, in fact, reside in South Carolina at the time of the October 4, 2024, filing.

12. Zeidman's denies the allegations of paragraph 9 and demands strict proof thereof.

13. Zeidman's denies the allegations of paragraph 10 and demands strict proof thereof. Further affirmatively responding to paragraph 10, and without a waiver of the foregoing denial, Zeidman's states that:

a. No Exhibit B is attached to the Complaint mailed to Zeidman's;

b. No "Schedule D" was either attached to the Complaint served on Zeidman's or filed in the South Carolina Bankruptcy Case;

c. A "Schedule A/B" was filed in the South Carolina Bankruptcy Case Docket twice on November 19, 2024 [Doc. 40 and 43]. This document states the

following with respect to jewelry claimed to be owned by Ard:

12. **Jewelry**
Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
☐ No
☑ Yes. Describe.......... WEDDING RINGS, EARRINGS, BRACELETS $ 3,700.00
13. **Non-farm animals**

14. Zeidman's denies the allegations of the first sentence of paragraph 11 and demands strict proof thereof. Zeidman's admits so much of the second sentence of paragraph 11 as alleges that Zeidman's was not included in the mailing matrix filed on October 4, 2024 [Doc. 8 & 9]. Further affirmatively responding to paragraph 11, and without a waiver of the foregoing denial, Zeidman's affirmatively states that it was never served with a copy of the Notice of Chapter 13 Bankruptcy Case [*see* Doc. 11].

15. Zeidman's denies the allegations of paragraph 12 and demands strict proof thereof.

16. Zeidman's denies the allegations of paragraph 13 and demands strict proof thereof.

17. Zeidman's admits, upon information and belief, so much of paragraph 14 as alleges that on October 29, 2024, a typewritten document was filed with the bankruptcy court that included the following:

Zeidmans
24810 Evergreen Road
Southfield, MI 48075

[Doc. 27]. Zeidman's denies the remainder of paragraph 14 and demands strict proof thereof.

18. Zeidman's denies the allegations set forth in paragraph 15 and demands strict proof thereof.

19. Zeidman's denies the allegations set forth in paragraph 16 and demands strict proof thereof.

20. Zeidman's denies the allegations set forth in paragraph 17 and demands strict proof thereof.

21. Zeidman's denies the allegations set forth in paragraph 18, including all subparts (a), (b), (c), (d), and (e), and demands strict proof thereof.

22. The allegations set forth in paragraph 19 purport to state conclusions of law to which no response is required. To the extent a response is quired, Zeidman's denies the same.

23. No response is required to the allegations set forth in paragraph 20. To the extent a response is required, Zeidman's denies the same.

24. Certain of the allegations set forth in paragraph 21 purport to state conclusions of law to which no response is required. To the extent a response is required, Zeidman's denies the same. Zeidman's denies the remainder of paragraph 21 as alleged and demands strict proof thereof. Further responding to paragraph 21, and without a waiver of the foregoing denials, Zeidman's affirmatively states that, during the relevant time period herein, it had possession of certain items pledged by Ard as collateral for several loans made by Zeidman's to Ard.

25. Zeidman's denies the allegations of paragraph 22 and demands strict proof thereof.

26. The allegations set forth in paragraph 23 purport to state conclusions of law to which no response is required, to the extent a response is required, Zeidman's denies the same and demands strict proof thereof.

27. Zeidman's denies the allegations set forth in paragraph 24, and including a denial that Ard is entitled to any of the relief requested therein and demands strict proof thereof.

28. No response is required to the allegations set forth in paragraph 25. To the extent a response is required, Zeidman's denies the same.

29. The allegations set forth in paragraph 26 purport to state conclusions of law to which no response is required. To the extent a response is required, Zeidman's denies the same and demands strict proof thereof, craving reference to the applicable sections of 11 U.S.C. § 362, which speak for themselves.

30. The allegations set forth in paragraphs 27, 28, 29, and 30, including all subparts, purport to state conclusions of law to which no response is required. To the extent a response is required, Zeidman's denies the same and demands strict proof thereof.

31. Zeidman's denies the allegations set forth in paragraph 31, including all subparts (a), (b), (c), (d), and (e), and demands strict proof thereof.

32. Zeidman's denies the allegations set forth in paragraph 32 and demands strict proof thereof.

33. Zeidman's denies the allegations set forth in paragraph 33 and demands strict proof thereof.

34. Zeidman's denies that Ard is entitled to the relief requested in the "Wherefore," clause of the Complaint, including all subparts, A., B., C., D., E., F., and G., and demands strict proof thereof.

**For a Second Defense and By Way of a Motion to Strike**
**Pursuant to Fed. R. Civ. P. 12(f) and Fed. R. Bankr. P. 7012(f)**

35. Zeidman's incorporates herein by reference the relevant and consistent portions of the preceding paragraphs as if fully set forth herein.

36. Zeidman's moves the Court, pursuant to Fed. R. Bankr. P. 12(f), made applicable in this adversary proceeding by Fed. R. Bankr. P. 7012(f), for an order striking from the Complaint Ard's demands for, "legal fees and expenses incurred by their attorneys," on the grounds that Ard appears in this matter *pro se*, and, as a matter of law, is not entitled to an award of attorney's fees or costs.

**For a Third Defense**
**(Failure to State a Claim)**

37. Zeidman's incorporates herein by reference the relevant and consistent portions of the preceding paragraphs as if fully set forth herein.

38. The Complaint fails to state a claim for which relief can be granted and should therefore be dismissed. Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b)(6).

**For a Fourth Defense**
**(Unclean Hands)**

39. Zeidman's incorporates herein by reference the relevant and consistent portions of the preceding paragraphs as if fully set forth herein.

40. Ard's claims are barred in toto by virtue of the doctrine of unclean hands.

**For a Fifth Defense**
**(Estoppel, Waiver, Laches)**

41. Zeidman's incorporates herein by reference the relevant and consistent portions of the preceding paragraphs as if fully set forth herein.

42. Ard's claims are barred in toto by virtue of the equitable doctrines of estoppel, wavier, and laches.

**For a Sixth Defense**
**(Setoff)**

43. Zeidman's incorporates herein by reference the relevant and consistent portions of the preceding paragraphs as if fully set forth herein.

44. In the event that Zeidman's is found liable for any damages sought in the Complaint, which liability Zeidman's expressly denies, Zeidman's asserts that it is entitled to an offset against said liability.

**For a Seventh Defense**
**(Lack of Subject Matter Jurisdiction)**

45. Zeidman's incorporates herein by reference the relevant and consistent portions of the preceding paragraphs as if fully set forth herein.

46. Ard's "Claim for Relief – Count 1" seeks "Turnover of Property of the Estate."

47. The South Carolina Bankruptcy Case was dismissed on November 19, 2024, as set forth in the Dismissal Order entered on November 21, 2024.

48. As a matter of fact and law, the bankruptcy estate ceased to exist on November 19, 2024.

49. As a matter of fact and law, the automatic stay terminated on November 19, 2024.

50. Because of the dismissal of the South Carolina Bankruptcy Case, this Court lacks subject matter jurisdiction to compel Zeidman's to turnover, pursuant to 11 U.S.C. § 543, any of the collateral securing Zeidman's debt.

51. For these reasons, the Complaint should be dismissed, as provided for in Fed. R. Civ. P. 12(b)(1), and Fed. R. Bankr. P. 7012(b)(1).

**For an Eighth Seventh Defense**
**(Preservation of Right to Plead Additional Defenses)**

52. Zeidman's incorporates herein by reference the relevant and consistent portions of the preceding paragraphs as if fully set forth herein.

53. Zeidman's reserves the right to raise additional defense during or after the completion of discovery in this case.

WHEREFORE, having responded to the Complaint, Zeidman's prays that the Court dismiss the same with prejudice, and for such other and further relief as the Court deems just and proper.

BEST LAW, PA

*/s/ Tara E. Nauful*
Tara E. Nauful, SC DCID 5864
tara@bestlawsc.com
P.O. Box 2374
Mount Pleasant, SC 29465
Phone: 843.793.4744

Attorneys for Zeidman's Jewelry & Loan of Michigan

February 19, 2025