IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br><br>Jacqueline Elizabeth Ard and<br>Terry Frank Nicola,<br><br>Debtors. | Chapter 13<br><br><br>Case No. 24-03611-jd |
| Jacqueline Elizabeth Ard,<br><br>Plaintiff,<br><br>v.<br><br>Zeidman's Jewelry & Loan of<br>Southfield,<br><br>Defendant. | Adv. Pro. No. 25-80005-jd |

**NOTICE REQUIRED BY SC LBR 7012-1**

**TO: JACQUELINE ELIZABETH ARD, PRO SE:**

A motion to dismiss is a request that one or more issues in a case be decided without holding a trial. Motions to dismiss are governed by Rule 12, Federal Rules of Civil Procedure. Your complaint, or the portions of your complaint that the motion seeks to dismiss, may be dismissed if the court finds that the complaint does not contain sufficient allegations to state a claim upon which the court can grant relief. If you wish to oppose the motion to dismiss, you must file with the court and serve on the other party a written response within the time period set forth in a notice that will be separately mailed to you by the Clerk of Court. If you file a written response, a hearing will be held at the location and time set forth in the notice from the Clerk of Court. If you fail to file a timely written response to the motion, the court will consider the motion unopposed and may grant the motion without holding a hearing. This will result in the termination of the proceeding, or some part thereof, in favor of the moving party.

BEST LAW, PA

*/s/ Tara E. Nauful*

Tara E. Nauful, SC DCID 5864
tara@bestlawsc.com
P.O. Box 2374
Mount Pleasant, SC 29465
Phone: 843.793.4744

Attorneys for Zeidman's Jewelry & Loan of Michigan

February 19, 2025

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: | Chapter 13 |
| Jacqueline Elizabeth Ard and Terry Frank Nicola, Debtors. | Case No. 24-03611-jd |
| Jacqueline Elizabeth Ard, Plaintiff, v. Zeidman's Jewelry & Loan of Southfield, Defendant. | Adv. Pro. No. 25-80005-jd |

**MOTION DISMISS WITH PREJUDICE AND MEMORANDUM OF LAW IN SUPPORT**

Zeidman's Jewelry & Loan of Michigan ("Zeidman's"), by and through its undersigned counsel hereby Moves the Court for an Order dismissing the above-captioned adversary proceeding with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), made applicable in this Adversary Proceeding pursuant to Fed. R. Bankr. P. 7012 (b). In support of this Motion, Zeidman's incorporates by reference its Answer to the adversary complaint filed on even date herewith and, in addition, states as follows:

**FACTS RELEVANT TO THE RELIEF REQUESTED**

1. Jacqueline Elizabeth Ard ("Ard") and, upon information and belief, her husband Terry Frank Nicola, filed a *pro se* petition in South Carolina under Chapter 13 of the Bankruptcy Code on October 4, 2024 ("South Carolina Case").

2. It appears that the October 4, 2024, bankruptcy is the second *pro se* bankruptcy case filed by Ard. On May 31, 2011, Ard filed a *pro se* petition under Chapter 7 of the Bankruptcy Code in the Eastern District of Michigan, Case No. 2011-55392-wst.

3. Zeidman's is a corporation organized and existing under the laws of the State of Michigan.

4. Zeidman's is the holder of several claims against Ard arising out of several pawn transactions entered into by Ard with Zeidman's in the State of Michigan (collectively the "Transactions"). Ard entered into the Transactions prior to filing the South Carolina Case. The Transactions are governed by Michigan law. Zeidman's claims against Ard are secured by possessory liens on certain items of collateral pledged by Ard to secure the indebtedness owed to Zeidman's.

3. As evidenced by the docket in the South Carolina Case, although Ard filed the petition on October 4, 2024, Zeidman's was not added to the mailing matrix until approximately October 29 or 30, 2024.

4. Although Ard purports to have hand-delivered notice of the South Carolina Case to Zeidman's (which Zeidman's denies), there is no evidence in the docket that Zeidman's was ever served with the Notice of Chapter 13 [*see* ECF. 11].

5. The South Carolina Case was dismissed by Order of this Court entered November 21, 2024, because of Ard and Nicola's failure to file documents as required by 11 U.S.C. § 521(i) [ECF. 46] (the "Dismissal Order"). As set forth in the Dismissal Order, dismissal of the South Carolina Case was as effective as of November 19, 2024.

6. Ard and Nicola's motion for reconsideration of the Dismissal Order was denied by Order of this Court dated January 10, 2025 [ECF 74].

7. The above-captioned Adversary Proceeding was filed by Ard *pro se* on January 24, 2025 [Adv. ECF. 1], against "Zeidman's Jewelry & Loan of Southfield," (the "Adversary Complaint"). The Adversary Complaint purports to assert two claims against Zeidman's:

a) Count 1, for turnover pursuant to 11 U.S.C. § 542;[1]

b) Count 2, for alleged violations of the automatic stay.

2. The Court issued the Summons on January 27, 2025.

3. On January 31, 2025, Ard and Nicola filed a voluntary *pro se* petition under Chapter 13 of the Bankruptcy Code in the Eastern District of Michigan, which was assigned Case No. 25-40-952-mlo ("Michigan Bankruptcy Case").

4. On February 1, 2025, Ard caused a Certificate of Service to be filed with the Court purporting to evidence her service of the Summons and "Complaint Seeking Turnover of Property" upon Zeidman's [ECF. 5].

**ARGUMENT AND CITATION OF LAW IN SUPPORT**

Zeidman's seeks dismissal of the above-captioned adversary proceeding pursuant to Federal Rule 12(b)(1), lack of subject matter jurisdiction, and Federal Rule 12(b)(6), failure to state a claim for which relief can be granted.

**A. The Court lacks subject matter jurisdiction over the claim for turnover.**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the [federal] court lacks the statutory or constitutional power to adjudicate it." *Lewis v.*

[1] Although not relevant for purposes of this Motion, Zeidman's notes that the Adversary Complaint fails to identify with specificity what Ard seeks to have "turned over."

*Carrano*, 844 F. Supp. 2d 325, 328 (E.D.N.Y. 2012) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). Subject matter jurisdiction may be challenged on two grounds: facially or factually. *See Beck v. McDonald,* 848 F.3d 262, 270 (4th Cir. 2017). When making a facial challenge, a defendant asserts that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." *Id* (internal citations and quotation marks omitted).

By its terms, the Adversary Complaint seeks to compel Zeidman's to now turn over collateral in the possession of Zeidman's, which collateral secures its claims. However, the South Carolina Case was dismissed three months ago, on November 19, 2024. As a matter of fact and law, upon dismissal of the South Carolina Case, the South Carolina bankruptcy estate ceased to exist, and the automatic stay terminated. Because of the dismissal of the South Carolina Bankruptcy Case and the dissolution of the bankruptcy estate, as a matter of law, this Court lacks subject matter jurisdiction to now issue an order compelling Zeidman's to now turn over, pursuant to 11 U.S.C. § 543, any of the collateral securing Zeidman's debt.

For this reason, Count 1 of the Adversary Complaint should be dismissed pursuant to Federal Rule 12(b)(1), made applicable herein by Federal Rule of Bankruptcy Procedure 7012.

**B. The Adversary Complaint fails to state claims for which relief can be granted.**

A motion seeking dismissal of a complaint pursuant to Federal Rule 12(b)(6) challenges the legal sufficiency of the complaint. "A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Instead, the Court's inquiry "is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). When deciding a motion to

dismiss, the Court must draw all reasonable factual inferences in favor of the plaintiff. *Priority Auto Grp., Inc. v. Ford Motor Co.*, 757 F.3d 137, 139 (4th Cir. 2014).

The Adversary Complaint seeks an order compelling Zeidman's to turn over to Ard the collateral securing its claims. The Adversary Complaint also alleges that Zeidman's violated the automatic stay by failing to "return the property," in question once Ard allegedly told it about the South Carolina Case. *See* Adversary Complaint at 31. The Adversary Complaint fails to state claims for which relief can be granted.

**1. In the absence of a bankruptcy estate and open bankruptcy case, no claim for turnover exists.**

Ignoring for the moment that Ard has an active Chapter 13 bankruptcy case now pending in Michigan, it is undisputed that the South Carolina Case was dismissed on November 19, 2024. It is also undisputed that the South Carolina bankruptcy estate ceased to exist on November 19, 2024. The Adversary Complaint fails to state a claim for which relief can be granted. Ard is not, as a matter of fact and law, entitled to an order from this Court compelling it to turnover property that used to be property of a now dissolved bankruptcy estate.

**2. Zeidman's did not violate the automatic stay.**

In *City of Chicago v. Fulton*, 141 S. Ct. 585, 589 (2021), the United States Supreme Court held that "mere retention of property does not violate § 362(a)(3)." Furthermore, while the automatic stay, "prohibits affirmative acts that disturb the status quo of estate property at the time when the bankruptcy petition was filed," §362 "impose[s] no turnover obligation . . . ." *Id.* at 590 591. If a debtor wishes to recover property in the possession of a creditor, the debtor must proceed under § 542.

Zeidman's retention of its collateral was not, as a matter of law, a violation of the automatic stay. Zeidman's was not required to turn over its collateral upon Ard's alleged verbal demand that it

do so. Particularly given the fact that it is a secured creditor with a possessory lien on collateral, even upon allegedly receiving notice that a bankruptcy case was pending, Zeidman's was entitled to retain possession and control of the collateral until such time as: (a) a timely turnover action was filed pursuant to 11 U.S.C. § 542; (b) Zeidman's was provided with adequate protection for its interest in the collateral; and/or (c) Zeidman's obtained relief from the automatic stay to exercise its state law rights. No turnover action was filed prior to the dismissal of the South Carolina Case, and the dismissal of South Carolina Case "mooted" the need for Zeidman's to seek adequate protection or stay relief. Upon dismissal of the South Carolina Case, Zeidman's was free to fully exercise its state law rights in the collateral.

The Adversary Complaint fails to state a claim for which relief can be granted and should be dismissed with prejudice pursuant to Rule 12(b)(6).

**CONCLUSION**

For the foregoing reasons, Zeidman's asks the Court to inquire into the matters herein alleged, to dismiss the Adversary Complaint with prejudice, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

BEST LAW, PA

*<u>/s/ Tara E. Nauful</u>*
Tara E. Nauful, SC DCID 5864
tara@bestlawsc.com
P.O. Box 2374
Mount Pleasant, SC 29465
Phone: 843.793.4744

Attorneys for Zeidman's Jewelry & Loan of Michigan

February 19, 2025