IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Jacqueline Elizabeth Ard and | ) | |
| Terry Frank Nicola, | ) | Case No. 24-03611-jd |
| | ) | |
| Debtors. | ) | |
| | ) | |
| Jacqueline Elizabeth Ard, | ) | Adv. Pro. No. 25-80005-jd |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Zeidman's Jewelry & Loan of | ) | |
| Southfield, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR AN ORDER STRIKING CERTAIN PORTIONS OF PLAINTIFF'S MEMORANDUM IN RESPONSE TO ZEIDMAN'S MOTION TO DISMISS WITH PREJUDICE AND MEMORANDUM OF LAW IN SUPPORT**

The undersigned counsel for Zeidman's Jewelry & Loan of Michigan ("Zeidman's"), hereby moves the Court pursuant to Federal Rule of Civil Procedure 12(f), made applicable in this Adversary Proceeding pursuant to Fed. R. Bankr. P. 7012(f), to strike certain portions of Plaintiff's Memorandum in Response to Zeidman's Motion to Dismiss with Prejudice and Memorandum of Law in Support ("Plaintiff's Memorandum"). In support of this Motion, the undersigned states as follows:[1]

1. On February 19, 2025, the undersigned caused an Answer, Motion to Dismiss with Prejudice, and Notice Required by SC LBR 7012-1 to be filed in the above-captioned case on behalf of her client, Zeidman's. *See* ECF 8 and 9.

2. On February 24, 2025, plaintiff Jacqueline Elizabeth Ard ("Ard") caused Plaintiff's Memorandum to be filed with the Court. *See* ECF. 14.

3. In addition to arguments in opposition to Zeidman's Motion to Dismiss, Plaintiff's Memorandum includes numerous false, inflammatory, irrelevant, scandalous, and impertinent statements regarding the undersigned. *See* Plaintiff's Memorandum at ¶¶ 37, 38, 39, 40, 51, 57.

4. It also appears that, in her response, Ard is attempting to assert a claim against the undersigned for allegedly violating the automatic stay. *See* Plaintiff's Memorandum at ¶¶ 51, 57.

[1] This Motion is made for the limited purpose of addressing Plaintiff's Memorandum as it relates to the undersigned. No comment is made on the remaining portions of Plaintiff's Memorandum, which will be addressed by the undersigned on behalf of her client either at the hearing on this matter or, if ordered by the Court, in subsequent briefing.

5. Plaintiff's Memorandum further appears to ask the Court to:

a. impose sanctions against the undersigned pursuant to Fed. R. Bankr. P. 9011. *See* Plaintiff's Memorandum at ¶ 52; and

b. hold the undersigned in contempt. *See* Plaintiff's Memorandum at ¶ 38.

6. Bankruptcy Rule 7012(f), like Federal Rule 12(f), provides:

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

7. Paragraphs 37, 38, 39, 40, 49, 50, 51, 52, 57 contain immaterial, impertinent, scandalous, and false matter. These paragraphs also appear to be an improper attempt by the drafter to assert various claims against the undersigned for her representation of Zeidman's in this adversary proceeding.

8. Particularly scandalous are the drafter's allegations challenging the undersigned's adherence to the rules of professional conduct, the rules of this Court, and her fulfilment of her duties to Zeidman's.

9. The undersigned asks the Court to strike from Plaintiff's Memorandum paragraphs 37, 38, 39, 40, 49, 50, 51, 52, 57. The undersigned also asks the Court to strike the references to "Defendants" in Plaintiff's Memorandum to the extent that this reference represents an attempt by Ard to add the undersigned as a party defendant (as opposed to being merely a repeated typographical error).

## CONCLUSION

The undersigned asks the Court to inquire into the matters herein alleged, to grant the relief requested herein, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

BEST LAW, PA

*/s/ Tara E. Nauful*
Tara E. Nauful, SC DCID 5864
tara@bestlawsc.com
P.O. Box 2374
Mount Pleasant, SC 29465
Phone: 843.793.4744

Attorneys for Zeidman's Jewelry & Loan of Michigan

February 27, 2025

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| Jacqueline Elizabeth Ard and Terry Frank Nicola, | ) | Case No. 24-03611-jd |
| Debtors. | ) | |
| Jacqueline Elizabeth Ard, | ) | Adv. Pro. No. 25-80005-jd |
| Plaintiff, | ) | |
| v. | ) | |
| Zeidman's Jewelry & Loan of Southfield, | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on February 28, 2025, I caused the following documents:

**MOTION FOR AN ORDER STRIKING CERTAIN PORTIONS OF PLAINTIFF'S MEMORANDUM IN RESPONSE TO ZEIDMAN'S MOTION TO DISMISS WITH PREJUDICE AND MEMORANDUM OF LAW IN SUPPORT**

to be served on all parties who are scheduled to receive notice through the Court's CM/ECF system via electronic filing and electronic transmission through CM/ECF, and on the parties shown below via First Class Mail:

Jacqueline Elizabeth Ard
21215 Dartmouth Drive
Southfield, MI 48076

Jacqueline Elizabeth Ard
239 Beach City Road
Unit 3218
Hilton Head, SC 29926

BEST LAW, PA

/s/ Tara E. Nauful
Tara E. Nauful, SC DCID 5864
tara@bestlawsc.com
P.O. Box 2374
Mount Pleasant, SC 29465
Phone: 843.793.4744

Attorneys for Zeidman's Jewelry & Loan of Michigan